My turn. Your turn. You may proceed. Good morning. I would like to reserve 10 minutes for rebuttal. I'm Leslie Hurst, counsel for plaintiff and appellant Kathleen Sonner. Your honors, this is the rare straightforward appeal. The lower court simply used the wrong standard of proof to determine whether there was a genuine issue of fact on summary judgment. Instead of the preponderance standard set by Supreme Court precedent, it used a conclusive evidence standard. The lower court's all-or-nothing approach meant if defendants had any admissible evidence, no matter how little or how weak, the non-moving party could not establish a genuine issue of fact, regardless of the quality and quantity of evidence produced by the non-moving party. The standard of proof to show a disputed issue of fact is set by Supreme Court precedent in Anderson, the familiar case of Anderson v. Liberty Lobby. Under Anderson, the existence of a disputed issue of fact, in this case, is determined by the preponderance of evidence standard, not conclusive evidence. Here, the disputed fact is whether ginkgo biloba, and that's an herbal supplement, improves memory, concentration, and mental sharpness. That's a disputed issue of fact. Soner, to oppose summary judgment, introduced a wealth of evidence. She had three scientific meta-analyses, which looked at data collected from 61 randomized controlled trials, and meta-analysis is the best scientific evidence that you can get. She also had five additional independent randomized controlled trials, including the largest and longest study on ginkgo biloba conducted to date, where there were 3,000 participants. It went on for eight years, and it was a NIH-funded study. She had expert testimony from Dr. Beth Snits, who, reviewing all the evidence, concluded that ginkgo biloba is no more effective than placebo. In contrast, defendants in total had five individual trials. All of those trials were of questionable reliability, because each of the tests they introduced were funded or authored by defendant's parent company, Wilmar Schwabe, which is also the company that produced the ginkgo biloba being studied. You know, counsel, I think there is a case from the Fourth Circuit, GNC. Yes. And if we were to agree with your position in this case, would we be creating a split with the Fourth Circuit? You know, I don't think so. I don't, because there is Supreme, you don't have to get to Henry GNC, because there's Supreme Court precedent, which is Anderson v. Liberty Lobby. There's a Ninth Circuit precedent, and that's the, ooh, I think it's the Harkins case, and also the Patron case, which addressed this issue. So you've got U.S. Supreme Court and Ninth Circuit precedent. But as I read the GNC case, and I'm not saying I agree with the GNC case, I just want to make, understand, if we decide to go with you, we also understand we may be disagreeing with other courts. I thought GNC seemed to apply the standard that opposing counsel wants us to apply. It does. So we would be creating, so if we go with you, we would be, I guess what I'm saying is we would be issuing a decision on this statute that is inconsistent with the Fourth Circuit. I think that's the better way to put it. It would be inconsistent with the Fourth Circuit. It would be consistent with Ninth Circuit precedent and consistent with Supreme Court precedent. Sure. So when I say circuit split, what I'm saying is that two different courts would have looked at this statute, and one court, if we agree with you, would interpret it differently than the Fourth Circuit did. And I would actually love to address GNC. We might as well do it right now. Okay. In GNC, you had a cluster of false advertising cases on a motion to dismiss. And the disputed question of fact in that case was whether a glucosamine product was beneficial for joints. And plaintiffs alleged, because it was a motion to dismiss, not summary judgment, that the scientific evidence was going to show glucosamine didn't work. And the Fourth Circuit, speaking through Judge Floyd, said, well, wait a minute. Plaintiffs didn't allege. All scientists agreed. So therefore, the disputed fact can't be false. So the court used an absolutist, abstract definition of falsity, divorced from really the facts and circumstances of a particular case. But in this case, you're not alleging that all scientists... No, we're not. Because we don't have to. Because that's not how a disputed fact is determined. And I understand. Normally, when I ask a question about are we splitting with the Fourth Circuit, normally counsel would try to say, well, you can still rule my way and not create a split with the Fourth Circuit, and here's the way to do it. Sounds like you're saying, nope, if we go your way, we have to disagree with the Fourth Circuit. You know... Is that right? And my partner's going to kill me on this. Because you're right. That's, you know, generally... You struggle and try to find some way that I can make you comfortable with both. Which way is Judge Owens right? That we don't have to create a split with the Fourth Circuit or that we have to do it? Frankly, I think you do. What is your theory in this case? Is it that reasonable experts can disagree on the efficacy of this particular product? Or is your theory that properly conducted tests could only lead to the conclusion that the product doesn't work? Reasonable experts can disagree. And if the preponderance of evidence is in our favor, if we meet that preponderance standard, then the disputed issue of fact will be resolved in our favor for purposes of this lawsuit. Not for every lawsuit. Not forever in time. And if scientific evidence develops, a different jury could come to a different resolution. But in this case... Or... Let me back up a little bit. I mean, wouldn't you have to proceed by somehow convincing the jury that your opponent's evidence was flawed and less reliable and that your evidence should be credited? Well, yes. We are going to have to come to say our evidence is better. The weight of evidence is in our favor. But I don't think we have to say they have no admissible evidence. We don't have to say that their evidence is so flawed it can't be considered. Look what this court did in the Henri Pantrone case. That's the case about whether the Helsinki formula grows hair. And so that was a disputed fact. Does it grow hair? That threw me off, your answers to whether we have to create a circuit split. Because I thought that in Ray GNC, there was a concession that reasonable experts disagree as to whether the products involved can provide the symptoms relief that's been promised. And so there, the court's conclusion is like, well, if you can't, if reasonable experts disagree, that means that the science is equivocal. And so therefore, there can't be literal falsity. Here, your expert essentially said that your expert was very critical of the evidence proffered by the defendants and said more specifically, Schultzberg unreasonably ignored the hierarchy, promoted this false conclusion. So as Judge Worthal pointed out at trial, I thought that you were going to be vigorously attacking their expert's conclusion as to efficacy. So that seems to me to be different than the Fourth Circuit scenario. And maybe we're having a semantic confusion here. Because certainly we think we have the better evidence. That at trial, we will show that their evidence is old, that it comes from less reliable studies, that it comes from biased studies. So you could say that we would show that all reasonable experts will agree that the product doesn't work. But I think the court here went further. She said if there's any admissible evidence, not that it's questionable because it's older, that it has reliability problems, it could have bias problems. She said if there's any admissible evidence, any admissible evidence, you can't have a disputed issue of fact so you'd never even get to trial. Does that make sense? I mean, does that answer your question? Well, maybe in terms of answering questions, this is a thorny issue of state law. Would it make sense for this court to certify this question to the California Supreme Court so they could answer that question? Yes, it could. Do you think that would be helpful? Yes, it would be helpful. I think it's a pretty straightforward question that I think this court can answer because it really comes down to how much evidence do you need to show a disputed issue of fact? And I think this court has answered it in Pantrone. That's a classic question for federal procedure because we're talking about the summary judgment standard from Celotex and Liberty Lobby, and that's what we should be applying, not California law. Well, except under Liberty Lobby, Liberty Lobby says the amount of evidence you need to establish a disputed issue of fact, to know how much that is. Is it preponderance? Is it clear and convincing? You look to the underlying substantive standard of the underlying claims. And for violation of the UCL, the CLRA, and warranty, it's preponderance of the evidence. So I don't think this is a question of law for the California courts, is it? It's a question of the correct standard of proof to establish a disputed issue of fact. But why isn't that just the regular summary judgment standard? It's no different. It's no different. It's no different. You were going to save ten minutes, and you're now down to four. So do you want to save your four? I will save the four. Thank you. Good morning. My name is Mike Bryant. I'm here on behalf of defendants, Nature's Way and Suave North America. The issue here is simple. It is not an evidentiary issue, but it's a substantive law issue, and it's whether my clients had valid scientific evidence to support the labeling statements that are the subject of this case. That issue was addressed by summary judgment, and the district court correctly concluded that my clients did have the valid scientific evidence for the labeling statements that they put on their product. But the district court also acknowledged that plaintiffs have brought forth scientific evidence as well. So why doesn't it then become questions of fact for the jury to determine? That's what juries do all the time. Because what they did is they raised criticisms of substantiation. And this is a substantiation case. If we have valid scientific studies to support what we're saying, all they're doing is looking at our studies and saying, we criticize it because it's old. We criticize it because it conflicts with our studies. But we still have the valid studies to support what we're saying, and under 17-508. Well, if you have valid studies to support what you're saying, then the jury's going to roll for you. But we don't need to get to a jury. I don't know about that. It seems to me when you have a ballot of the experts, the judge doesn't get to make the decision about which set of experts are correct. Well, trial courts on a regular basis engage in a gatekeeping function. And the critical issue here is whether we have valid scientific evidence. That's a substantiation. When advertisers substantiate their labeling claims with science. Right. It's one thing to say that you have to substantiate it to the state authorities under that statute, King Brothers or whatever that case is, that a governmental person can ask you to substantiate your claims or you're not going to get to advertise in the state of California. It's quite another thing when someone sues and says, I have all this evidence that you are committing false advertising and all you're being asked is to defend. No, we're not. Because your defense can be if it works for one person. You know, I read GNC and immediately went out and bought some  after reading GNC. So I'm just saying the jury could find for you based on your evidence. And it's not whether it substantiates your advertising, it's whether there's some truth to your advertising. But all they've done is point to criticism. They can move under a dauber and eliminate our experts. They have not stated that our science is invalid. But they have their own valid science, right? But because then we're in a position where my client is being forced to prove the truth of its labeling statements to a jury. And that is contrary to 17508, which says the substantiation process is reserved for those prosecuting authorities. And the King-Bio decision then said that results in a private plaintiff bar. Private plaintiffs cannot take that substantiation standard and allege falsity and throw into question the substantiation. Substantiation goes to efficacy, not to whether or not your advertising statements are true or false. Well, no, the substantiation goes to whether our labeling statements are, in fact, substantiated. Maybe your labeling statement is false if your evidence says that it works for some people and doesn't work for others. And you're representing that it works for everybody. Maybe the advertising to be truthful needs to say it may not work for you. But that's not what we're dealing with in this case. They're making an assertion that our labeling statements. Or maybe the jury accepts the validity of the clinical studies relied on by the plaintiff's expert and rejects yours. In that case, it would just be two different judgments. It wouldn't necessarily mean that our science is wrong. It would mean that there's two different sciences and the jury sided with them on that particular day. If we still have valid scientific studies to back it up, we have a basis to make the labeling statements that we do. But did they call the validity of your scientific evidence into question? They've criticized it. They did not state that it's invalid. Dr. Schnitz, her declaration, she issued criticisms. She said that some of the studies were old. But she didn't say they were invalid because they were old. But then they can't win in front of the jury. Then they would lose in front of the jury. But I don't see how you circumvent getting to a jury when you have these disputes in the evidence. Because under the substantiation principles, if you have a conflict in the science, that is something that's supposed to be resolved in favor of the advertiser because you cannot show that it's actually false. If we actually have valid studies that have not been completely dismissed, if they're – I mean, Dr. Schnitz and her declaration – But wouldn't you bring a Daubert motion? Or would they bring a Daubert motion to say your studies were not reliable and couldn't be admitted? They certainly could have at the motion for summary judgment stage, and they did not. Instead, we had our declaration stating that our expert referenced our specific labels and he cited to specific studies and said, yes, to a reasonable degree of scientific certainty, those are supported by the science. In response, the plaintiff offered Dr. Schnitz's declaration. But what's important about Dr. Schnitz's declaration is she never actually said that those labeling statements are false. If you read the briefs, you may assume that she's stating that. She actually stated in her declaration, there is sufficient evidence from which we can determine whether the labeling statements are true or false. But she does not take it the next step and say, you know what? And by the way, they are, in fact, false. What she did, she then talked about the studies we cited, which is they are old. But she didn't say they're invalid because they're old. And our expert said, actually, you can't disregard old studies because of the increasing placebo response rate. You have to consider the old ones because there actually might be problems with newer studies. She criticized that some of the studies were in conflict with what she offered. But when you look at the meta-analyses that the plaintiff has put at the top tier of the scientific evidence, those are really only reviews of other scientific evidence. And the two, the Cochran review, that concluded that the science was unreliable and inconsistent. So that's really not evidence that my client's statements were false. We still have our valid studies, and that did not invalidate it. It pointed to, yeah, we may have a conflict in the science, but that's just two possible judgments. We have an advertiser who's permitted to rely on valid scientific studies, and they did. The other study was the Cantor and Ernst, I believe. And, Counsel, I do have a question for you. And I don't want to interrupt what you're saying, but just so I can understand, your view of the plaintiff's case, for the plaintiff to prevail under California law, what would they have to show? They would have to show that we do not have valid scientific evidence to support our labeling statements. And then, so that's the substantive legal question. Correct. And then in applying summary judgment, we would have to apply summary judgment to that standard. Correct. As in Liberty Lobby, when it was a question of whether clear and convincing evidence was required for a defamation case, the Supreme Court held you actually applied the summary judgment standard to a clear and convincing standard of evidence. Correct? Correct. So just so we can kind of get, I want to make sure, I'm not saying I agree with your theory, I just want to make sure I fully understand it. So you're saying that under California, it's a California legal question as to what the substantive law requires. Right. You're not asking for us to apply some different form of summary judgment to this case. You're just asking us to apply some normal standard of summary judgment to this particular question of California law. Correct. So getting back to my question, I asked the other side, certification to the California Supreme Court, would that help answer this question? We don't need to in this case. Fair enough. I figure you're going to go there. But is there a state law question for the California Supreme Court to answer in this case? No. Why not? Because under 17-508 and the King-Bio decision, cases challenging substantiation are limited to prosecuting authorities. Oh, no way. That is what we're doing. And let me make sure I'm asking the question properly. There are two ways. There are many ways to look at this case. One, you could just say, well, this is all a federal question, so why do we even need to look to ask the California Supreme Court at all? You would disagree with that. You think this is a question of state law. Correct. Now, we can maybe debate whether or not it's wise for us to decide that issue ourselves or rely on our colleagues on the California Supreme Court. But you agree it's a state law issue we're deciding in this case? Yes. Okay. Well, I should add, though, we're also dealing with standards of substantiation that are deferential to prosecuting authorities, and they're not explicitly defined. It's up to the prosecuting authorities to determine what is sufficient substantiation. Absolutely. What I want to make clear, though, is that you're not asking us to interpret Rule 56 of the Federal Rules of Procedure in any way. No. You're asking us to interpret California law and its whole regime, and we would then apply standard Rule 56 procedures. Right. Okay. But then I'm also saying that we don't need to go there because I think King-Bio and 17-508 are perfect. You're saying we don't need to ask the experts because they've already been answered. Correct. I just want to make sure we're asking the right expert. Okay. Thank you. But King-Bio also talked about the fact that the plaintiff has the ability to prove a false advertising claim by testing scientific literature or even anecdotal evidence, and because the plaintiff in King-Bio didn't have any evidence that fell within those categories, then judgment from the defendant was upheld. So it doesn't quite address the situation on summary judgment where somebody like the plaintiff here came forward with countervailing scientific evidence, does it? Well, it addresses – That might be a question on which the California Supreme Court could be very helpful in answering. Well, but we still have a situation because what they are doing – if we have to go to a jury trial on the issue of the truth or falsity of the labeling statements, we are having to prove the truth of our labeling statements, which is, in effect, a substantiation process. So the King-Bio court didn't specifically address that, but the King-Bio court said when you have a substantiation process and that's at issue, that is something that a private plaintiff cannot do. That's reserved for the prosecuting authorities. And that's for good reason. Prosecuting authorities are the best equipped to know what to ask for and to look at it and evaluate it. It's the least intrusive process, certainly much less intrusive than private plaintiffs being able to drag – excuse me – to bring advertisers in and always prove the truth of their labeling statements. Your understanding of King-Bio is that California intended to remove all battle of the experts on questions of falsity from the jury. Yes, and it's been the last – So essentially the factual question of falsity is now never determined by the jury  No, there could be circumstances, but first they have to successfully challenge the valid scientific studies. But the 17-508 and the private plaintiff bar in King-Bio, that's been the law in the state of California for a long time, and that's been reaffirmed by the Ninth Circuit in the Quan decision. And if the state legislature thought there were some ambiguity, they certainly could have acted by now because that's been – it's been not only instructive in California, but it's been, in principle, instructive across the United States. I thought King-Bio was more about the burden of proof, that the question before the court was who had the burden of proving that the claims were false. And King-Bio, California law, squarely puts that burden on the plaintiff who's alleging the falsity. They did. Because of the substantiation provision in 17-508, it talks about – well, because 17-508 allows the prosecuting authorities to then bring it, they wanted to shift the burden so that it would be on the advertisers by a private plaintiff. They said it was unfair because of the substantiation provisions in 17-508, and the court said, no, what you're doing is challenging substantiation and we won't allow that. Right. Because if you shifted the burden – because in the substantiation claim, the burden is on the manufacturer of the product, i.e. the defendant. But this is not a substantiation claim. This is a false advertising claim, and it's clear under California law and federal procedure that the burden is on the plaintiff to prove. So if they can't meet their burden at trial, you win. And I don't see how King-Bio and that statute changes anything. Because if we have a trial of the subject, my client will have to come into court and prove the truth of the advertising statements. Otherwise, the plaintiff would win, and that is a – No, it comes down to burden of proof. If you have contrary proof, then they can't prove the falsity. I don't see how this is any different than any other false advertising claim. Well, because it's – because there is valid scientific studies and under the 17-508 standard, that's the way it's been conducted for a long time. No, actually, among the district courts in the Ninth Circuit, it's handled differently within the Ninth Circuit by the district courts. And some say, oh, it's equivocal, and therefore we're going to grant summary judgment, and others do not. And so is there a Ninth Circuit case that answers this definitively? The Quan case says that King-Bio is the settled law of the state of California, and it affirmed the principles of the private plaintiff bar for substantiation cases. Well, I think that if this case were to go to trial, you could have the jury instruction emphasizing that the burden is on the plaintiff, and you could – you don't have to affirmatively prove the validity of your scientific studies. You could rely on the plaintiff's failure to prove the invalidity of your studies. But if we're dealing with the preponderance of the evidence, it's the same result, because they – either the plaintiff would offer sufficient evidence that would meet the preponderance of the evidence standard on the issue of truth or falsity, or we would. One party is going to meet that burden. And if – in order for us to win that false advertising case, we would have to offer enough evidence that would preponderate over the evidence that they offered. And that is us proving the truth of our labeling statements, which is something that 17-508 and King-Bio and Quan has said, look, advertisers can't be forced into court to substantiate their claims when the claims are being brought by private plaintiffs. That is reserved for prosecuting authorities. I'm way over. I did want to make an important point with respect to the declaration of Dr. Snitz. And I alluded to it earlier. She said she never opined that the labeling statements were actually false. All she did was say there is scientific evidence from which that can be determined. If you look at that, what she is doing is saying, look, the science is unclear. It can be determined. So she is demanding substantiation. So they lose because they can't meet their burden. And I think they should lose on summary judgment. Yes. All right. We know that. Thank you very much, counsel. Thank you. Three points. Quickly on the King-Bio and lack of substantiation case. It's not a substantiation case. That occurs when plaintiff walks into court, arms folded, and says, we don't have any evidence that your advertising claim is false. You have to prove it's true. That's not what's here. We have lots of evidence, affirmative evidence, that their labeling claim is not true. Incobaloba does not help memory, concentration, and mental sharpness. And it does not become a lack of substantiation case if and when we go to trial, if we prove our case and then in opposition, they don't have to put on evidence. They can move for a directed verdict. They can simply attack our evidence. If they choose to put on their own affirmative evidence, that doesn't make it a lack of substantiation case under King-Bio where we're improperly shifting a burden. Second, I believe I now understand your question about state law and does state law on the substantive claims require that there be absolute evidence to show that an advertising claim is false. And I think the answer to that is no. Look at the Paduana case. That is a California court of appeal case where on summary judgment, to see whether an advertisement is false, the court applies the preponderance of evidence standard, and that is on page 1472, Paduana v. American Honda Motors. Also on that point, the Indrina Tronin case. That's a First Circuit case, false advertising under the UCL, our claim here. And there they went to trial and Kaiser, the plaintiff, introduced evidence that the advertising claim was false, the drug was not effective as advertised. Pfizer introduced their own evidence that the drug was effective as advertised. The court weighed the evidence and found that Kaiser's evidence was better, that Pfizer's evidence was less convincing, and therefore based upon the weight of the evidence, ruled in favor of Kaiser, not that all evidence absolutely showed the claim was false, but the weight of the evidence showed that the drug was not effective as advertised, and therefore you have a false advertising claim and violation of the UCL. So I believe that answers your question. Finally, on Dr. Schnitt. She did say that the advertised claim, she did not make the legal conclusion that this was false advertising. She did what an expert is supposed to do, and she opined on the issue, is the disputed issue in fact true or false? She looked at all the evidence and she concluded, and I'm quoting, based on the high-quality original studies and meta-analysis on the efficacy of ginkgo biloba on cognitive outcome published in peer-reviewed journals, the evidence to date demonstrates that ginkgo biloba is no more effective than placebo for improving cognitive function or preventing cognitive decline. So she opined on the disputed issue of fact, it's false. The disputed issue of fact is not true. Whether ultimately the advertising claim is false, that there's a violation of the UCL, that's a legal conclusion. They can have defenses. They can say it's not material, but that's a different step. She opined, as she was supposed to, on the disputed issue of fact. What is the advertising at issue that you claim is false? Pardon me? What is the advertising at issue that you claim is false? Ginkgo biloba improves memory, concentration, and mental function. That's the really disputed issue of fact. Now whether that results in violation of the UCL, I think it's going to be a pretty direct line in this case. Theoretically, they could have defenses that the disputed claim, that the claim, the advertised claim, it could be true, but it's not material. Or it could be true, but there's disclaimers. It's just a different step, a different step in the process. That the claim is false, and then there's the step of, with the false claim, is the advertising false under the UCL and CLRA. Right. Thank you, counsel. This case will be submitted.
judges: Wardlaw, Nguyen, Owens